■ JOAN C. LIPIN, Appellant, v ROBERT M. BENDER, JR., et al., Respondents. [629 NYS2d 3] —Order, Supreme Court, New

York County (Martin Schoenfeld, J.), entered August 24, 1994, directing entry of a judgment dismissing the complaint "with prejudice", and permanently enjoining plaintiff and her agents from using or disseminating for any purpose the information contained in defendants' counsel's documents taken by plaintiff off of the counsel table in a judicial hearing room on June 28, 1991, and judgment, same court and Justice, entered August 31, 1994, dismissing the complaint, unanimously affirmed, with costs.

As the IAS Court explained, the judgment it directed be entered, now on this appeal, merely effectuates a prior order dismissing the complaint issued by another Justice who thereafter recused herself, which was affirmed by this Court (193 AD2d 424) and the Court of Appeals (84 NY2d 562). Although the prior order did not specifically recite that the dismissal was "on the merits", it is clear from the prior Judge's stated reasons and the context of the proceedings, including the two affirmances, that the intent of the prior order was just that, to sanction plaintiff in the severest possible manner for having purloined privileged documents by dismissing her action with prejudice to the commencement of new proceedings. CPLR 5013 does not require otherwise (compare, Strange v Montefiore Hosp. & Med. Ctr., 59 NY2d 737, with Maitland v Trojan Elec. & Mach. Co., 65 NY2d 614). To allow plaintiff to commence a new action would be to circumvent the clear intent of the prior order.

Plaintiff's other points are either academic in view of the foregoing or without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.